UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GILBERT WASHINGTON,**

    **Plaintiff,**

**v.**                                                                           Case No: 8:08-CV-2042-T-30EAJ

**SCHOOL BOARD OF HILLSBOROUGH
COUNTY,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Application to Proceed Without Prepayment of Fees and Affidavit** (Dkt. 6), which the court construes as a motion for leave to proceed in forma pauperis.[1]

## Legal Standard

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).

Rule 12(b)(6), Fed. R. Civ. P., governs the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid

---

[1] Although Plaintiff uses a form typically reserved for prisoners, Plaintiff is not in fact a prisoner.

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted).

## **Analysis**

On October 14, 2008, Plaintiff filed claims against the School Board of Hillsborough County for disparate treatment and retaliation pursuant to the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act ("ADEA") (Dkt. 1 at 5-8). Plaintiff also filed a motion to proceed in forma pauperis (Dkt. 2), however, after determining that Plaintiff's complaint failed to state a claim the court denied that motion and gave Plaintiff leave to file an amended complaint (Dkt. 4). On December 29, 2008, Plaintiff filed an amended complaint (Dkt. 5) and on December 31, 2008 he filed a second motion to proceed in forma pauperis (Dkt. 6).

In his amended complaint, Plaintiff has apparently withdrawn his claims under the Civil Rights Act and the ADEA, and asserts only what appears to be a claim for disparate treatment in violation of the ADA (Dkt. 5).

"To establish a prima facie case of discrimination under the ADA, a plaintiff must show: (1) he is disabled; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255-56 (11th Cir. 2007).

Plaintiff alleges that he was hired by Defendant as a substitute teacher at Jennings Middle

2

School for the 2005-2006 school year, despite "disabilities to his head, cervical and lumbar spine," and that he was hired for the 2006-2007 school year in a "Reading position" (Dkt. 5 at 3). Plaintiff maintains that he "was qualified to teach a Reading position when hired at Jennings Middle School under a 'Statement of Eligibility' and 'Temporary Certification' under the employer's alternative employment agreement program'" (Id. at 7).

Plaintiff states that on April 23, 2007 and July 25, 2007, he suffered injuries to his back and neck in the course of his employment as a result of being pushed backwards by two fighting students and falling onto a concrete pavement (Id. at 4). As a result of these injuries, he was placed on a "leave of absence per employer" (Id.). Plaintiff maintains that he "never experienced any form of violence through physical attacks direct[ed] at him until the United States Department of Education forwarded and docket[ed] his complaint for discrimination with the Equal Employment Opportunity Commission on June 1, 2007" (Id. at 5).

According to Plaintiff, Defendant violated the ADA on August 9, 2006, when "the 'personnel unit' barred and blocked him in processing" despite knowing that Plaintiff had disabilities limiting his ability to walk, sit, stand, or lift (Id. at 3). Moreover, Plaintiff complains that Defendant "refused to return [him] in any position or capacity when the personnel supervisor . . . was informed [he] was physically injured on April 23, 2007 at Ferrell Middle School, on July 19, 2007 at Youth Services-Detention West and on July 25, 2007 at Youth Services-Riverside Academy Juvenile Facilities" (Id. at 5).

Despite the December 4, 2008 order informing Plaintiff of the deficiencies with his initial ADA claim (Dkt. 4 at 2-3), Plaintiff again fails to assert any facts supporting his allegation that he was removed from his position in violation of the ADA. When viewing the allegations of the

3

complaint in the light most favorable to Plaintiff, the court cannot find that Plaintiff has plausibly alleged that he was disabled or a qualified individual under the ADA, either before or after suffering injuries in 2007. At most, Plaintiff alleges that he was placed on a leave of absence after suffering injuries due to an altercation between two students. Furthermore, Plaintiff's argument that Defendant violated the ADA by "block[ing] him in processing" on August 9, 2006 makes little sense given that the injuries giving rise to Plaintiff's "disability" arose sometime in 2007.[2] Indeed, Plaintiff himself asserts that he was hired and employed by Defendant despite any "disabilities" he may have had before this date (Id. at 3). Finally, even if Plaintiff was in fact disabled and a qualified individual under the ADA, his suggestion that he was injured by students as a result of filing a claim with the Equal Employment Opportunity Commission is not supported by enough facts to state a claim that is plausible on its face. Thus, Plaintiff has not pleaded the required elements and facts necessary to support a cause of action against Defendant under the ADA.

**Conclusion**

Although Plaintiff was given an opportunity to amend his complaint to state a claim, Plaintiff's amended complaint fails to state a claim for which relief may be granted under federal law. Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's amended complaint should therefore be dismissed.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Dkt. 6) be **DENIED**;

---

[2] Given that Plaintiff twice asserts that these actions by the personnel unit occurred in 2006 (Dkt. 5 at 3), this does not appear to be a typographical mistake.

4

(2) Plaintiff's Amended Complaint (Dkt. 5) be **DISMISSED** for failure to state a claim; and

(3) The Clerk be directed to close this case.

ELIZABETH A JENKINS
United States Magistrate Judge

**Date: January 23rd, 2009**

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff
District Judge